UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON RAY SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | No. 2:16-cv-01938 CKD<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1964, applied on May 9, 2012 for SSI, alleging disability beginning January 1, 1996. Administrative Transcript ("AT") 164-173. Plaintiff alleged he was unable to work due to diabetes, high blood pressure, mental stress, a sleep disorder and an eating disorder. AT 99. In a decision dated April 8, 2015, the ALJ determined that plaintiff was not

////

disabled.[1] AT 11-23. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since May 9, 2012, the application date.
>
> 2. The claimant has the following severe impairments: major depressive disorder, history of polysubstance dependence, diabetes mellitus, spondylolisthesis of the lumbar spine, left shoulder rotator cuff damage, obesity, and bilateral cataracts.
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work, except: he could occasionally stoop, crouch,

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

kneel, and crawl; he could occasionally reach overhead with his left upper extremity; he must avoid exposure to work hazards (e.g. working at unprotected heights, operating motor vehicles); he is unable to use his eyes for prolonged detailed or close work (e.g. reading fine print, threading a needle), but he has no visual limitations in reading newspaper print or larger; he could perform simple, routine, and repetitive work; and he could respond to routine changes in a work environment.

5. The claimant has no past relevant work.

6. The claimant was born on September 18, 1964 and was 47 years old, which is defined as a younger individual age 18-49, on the date the application was filed. The claimant subsequently changed age category to closely approaching advanced age.

7. The claimant has at least a high-school education and is able to communicate in English.

8. Transferability of job skills is not an issue in this case because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since May 9, 2012, the date the application was filed.

AT 13-23.

ISSUES PRESENTED

Plaintiff argues that the ALJ improperly weighed the medical evidence and failed to give adequate reasons for rejecting five medical opinions.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving

ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Plaintiff contends that the ALJ improperly weighed five separate medical opinions in the step four residual functional capacity (RFC) analysis.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. Lester, 81 F.3d at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ

may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected). The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

A. Dr. Sanders

Dr. David Sanders, a psychologist, began treating plaintiff in November 2014 and saw him every two weeks. AT 378. In December 2014, he filled out a checkbox form concerning plaintiff and, in January 2015, filled out a longer form. AT 371-372, 378-380. In both, he indicated that plaintiff's abilities to perform work-related functions were poor. In January 2015, Dr. Sanders diagnosed plaintiff with major depressive disorder. AT 378.

At step four, the ALJ found Dr. Sanders's opinions "unpersuasive for multiple reasons." AT 21. First, they were based on a "limited treatment relationship" of two months or less. AT 21. Plaintiff points out that this amounted to ten visits by January 2015, but it is still a period of very limited duration.

Second, Dr. Sanders's opinions were "inconsistent with other substantial evidence including . . . progress notes from Molina Medical Center, which show no significant mental status examination findings or any objectively observed behavioral issues." AT 21; see AT 354-370. The Molina records span September to December 2014, roughly the same period in which Dr. Sanders treated plaintiff, and noted that plaintiff's mood, affect, behavior, judgment, and thought content were normal, and he was not nervous or anxious. AT 360, 363-365. Plaintiff argues that Dr. Sanders's opinions are consistent with the Molina records, which noted plaintiff's depression, family issues, and anger problems.

Next, the ALJ noted that Dr. Sanders's January 2015 report marked "N/A" on the form when asked whether plaintiff had undergone a detox screen or program, when in fact plaintiff testified that he had attended a three-month drug program, and he tested positive for cocaine in 2012. AT 21; see AT 39, 379. Plaintiff argues that the "N/A" merely means that Dr. Sanders did

not run these tests, and he noted in the next line that plaintiff had a substance abuse history. AT 379. The ALJ also found Dr. Sanders's characterization of plaintiff as withdrawn and isolated inconsistent with his testimony about two social activities: playing dominoes and having a beer with his cousin. AT 21.

"Finally," the ALJ wrote, "Dr. Sanders provided little objective bases for his [December 2014] opinion, as he merely stated that the claimant has severe depression, feelings of hopelessness and helplessness. Dr. Sanders did cite to some supportive mental status examination findings in his [January 2015] opinion; however, again, these observations are based on a limited, two-month treatment relationship." AT 21. Plaintiff cites contrasting opinions of NP Richard Fox and MFT David Hill, discussed below. However, the ALJ cited proper and sufficient reasons for giving Dr. Sanders' opinion little weight.

B. Dr. Van Gaasbeek

Consultative psychologist Dr. Kyle Van Gaasbeek examined plaintiff in October 2012 and July 2013. AT 327-331, 340-343. In his first report, Dr. Van Gaasbeek found plaintiff's ability to perform detailed and complex tasks "mildly impaired," and his concentration, persistence, and pace "slow." AT 328, 330. Plaintiff's ability to perform simple and repetitive tasks, accept instructions from supervisors, interact with coworkers and the public, perform work activities without special instructions, maintain regular attendance, complete a normal workday, and deal with usual work stress, were found to be unimpaired. AT 330-331.

Dr. Van Gaasbeek noted that plaintiff's behavior was "very passive-aggressive and minimally cooperative" and "he appeared to be sedated possibly from medication." AT 329. He further noted that, while plaintiff indicated he was depressed and anxious, some of his behavior, such as speaking slowly, "could possibly be better accounted for by his intellectual abilities and his being on medication. It is possible that he still may suffer from depression but he does not make a good case for this." AT 330.

In the second report, Dr. Van Gaasbeek made the same functional assessment and noted:
> It is unclear if the claimant has any genuine mental disorder. He presents as being extremely cognitively impaired. However, there appears to be no basis for this. There is a possibility of depression,

6

> however, more information would be needed to support this diagnosis. He does endorse a history of substance abuse. However, it is unclear if he is currently using. Another possibility is malingering.

AT 342.

At step four, the ALJ summarized but gave little weight to Dr. Van Gaasbeek's reports "because he explicitly stated that his opinion was based on unreliable mental status testing." AT 19-20. Plaintiff argues that the ALJ "improperly substituted his own opinion" in place of Dr. Van Gaasbeek's. (ECF No. 16-1 at 13.) However, the ALJ gave sufficient reason for rejecting Dr. Van Gaasbeek's findings, which Dr. Van Gaasbeek acknowledged could be affected by plaintiff's malingering, substance abuse, and/or sedation. See Tommaseti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ could properly reject physician's testimony that was "equivocal").

C. NP Richard Fox

In November 2014, Nurse Practitioner Richard Fox at Molina Medical Group wrote a letter to plaintiff stating:

> Your diagnoses are as follows: Hypertension, low back pain, knee pain, Spondylolisthesis (which can cause severe pain and body weakness), gastroesophageal reflux disease, diabetes, depression and high cholesterol. The above conditions, combined, would cause a condition which would prevent your ability to work until your next evaluation in a year.

AT 353.

At step four, the ALJ found that Mr. Fox was not an acceptable medical source and could not be said to have medically treated the claimant. AT 20. Defendant concedes that the ALJ erred, and that Mr. Fox was an acceptable medical source under the current regulations. See Taylor v. Comm'r of SSA, 659 F.3d 1228, 1234 (9th Cir. 2011) ("Under the Social Security Act regulations, . . . nurse practitioners are listed among the examples of 'medical sources.' . . . To the extent the [NP] . . . was working closely with, and under the supervision of [physician], her opinion is to be considered that of an 'acceptable medical source.'"); see 20 C.F.R. § 416.913.

Defendant argues this error was harmless because the ALJ gave specific, legitimate reasons for rejecting Mr. Fox's opinion, writing:

> Mr. Fox's opinion is also not well supported, as he merely recited the claimant's diagnoses and gave a blanket statement that they would prevent him from working. In fact, two days prior to writing

7

> his letter, Mr. Fox examined the claimant and noted no abnormal physical examination findings. Notably, Mr. Fox's opinion that the claimant is unable to work is inconsistent with the claimant's testimony that he could perform work as a shopping cart collector. Thus, Mr. Fox's opinion is given little weight.

AT 20-21; see AT 50-51 (plaintiff's affirmation that he could perform work collecting shopping carts at Walmart) 368 (November 2014 examination notes). Based on these additional reasons, the ALJ's error was harmless and his reasons for giving the opinion little weight were proper and sufficient. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (ALJ need not give weight to conclusory opinions supported by minimal clinical findings).

### D. David Hill, MFT

In May 2012, family therapist David Hill at Paths Clinic filled out a two-page form vouching for plaintiff's eligibility for General Relief. AT 289-390. He stated that plaintiff "reports suffering from severe depression, which impairs his ability to work" and checked a box indicating plaintiff was unable to work. AT 289.

The ALJ rejected this opinion, finding Mr. Hill "not an acceptable medical source." AT 20. As above, defendant concedes that the ALJ erred on this point, but argues that the error was harmless because the ALJ also gave adequate substantive reasons for discounting the opinion:

> Moreover, Mr. Hill's opinion concerns the claimant's temporary functioning from May 2012 through September 2012. Accordingly, his opinion does not represent an opinion concerning the claimant's permanent work-related abilities (i.e. residual functional capacity). Finally, Mr. Hill's opinion was based upon the claimant's 'report' rather than objective evidence. Accordingly, Mr. Hill's opinion is given little weight.

AT 20. As above, the undersigned finds these reasons sufficient and the ALJ's error harmless.

### E. Alexandra Moy, MFTI

Lastly, plaintiff argues that the ALJ impermissibly ignored a report by Alexandra Moy, a Marriage and Family Therapist Intern in the Fresno County Mental Health Program, who completed an intake form about plaintiff in June 2012. AT 296-299.

Plaintiff argues that the Fresno County MHP Employee who co-signed the form was a treating physician whose opinion the ALJ was required to consider in step four. However, it is

not clear that the co-signer (whose signature is illegible) was a physician, or what role he or she played in reviewing the intake form. Defendant argues that, under these circumstances, Ms. Moy's report was the equivalent of lay witness testimony and the ALJ did not need to give specific, legitimate reasons for rejecting it, as the ALJ discussed other lay testimony.

The court concludes that the ALJ was not required to consider this intake form as a medical opinion in the step four RFC analysis.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 18) is granted; and

3. Judgment is entered for the Commissioner.

Dated: September 26, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / smith1938.ssi.ckd